MONTREAL L. KELLY,

                Petitioner,

v.

                Case No. 25-cv-0142-bhl
                (Criminal Case No. 23-cr-0236-bhl)

UNITED STATES OF AMERICA,

                Respondent.

## ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255

On September 18, 2024, this Court sentenced Montreal L. Kelly to a term of thirty-six (36) months' imprisonment after he pleaded guilty to being a felon in possession of a firearm. (Case No. 23-cr-0236-bhl, ECF No. 42.) On January 28, 2025, Kelly filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Case No. 25-cv-0142-bhl, ECF No. 1.) This order screens the motion under Rule 4 of the Rules Governing Section 2255 Cases. Because the petitioner does not present any grounds that entitle him to relief, the Court will deny his motion and dismiss this action with prejudice.

### BACKGROUND

On December 19, 2023, the government filed a three-count Indictment charging Kelly with: maintaining a drug-involved premises in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2(a) (count one); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (count two); and felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8) and 18 U.S.C. § 2(a) (count three). (Case No. 23-cr-0236-bhl, ECF No. 8.) On June 11, 2024, Kelly pleaded guilty to count three pursuant to a written plea agreement. (*Id.*, ECF Nos. 30 & 32.) In the plea agreement, Kelly and the government invoked Federal Rule of Criminal Procedure 11(c)(1)(C) and agreed to a binding recommendation that the Court impose a sentence of thirty-six months of incarceration as "the appropriate disposition of the case." (*Id.*,

ECF No. 30 ¶10.) The parties agreed that if the Court rejected the recommended disposition, Kelly would be allowed to withdraw his guilty plea. (*Id.* ¶11.)

In the plea agreement, Kelly specifically acknowledged that:

- He had read and fully understood "the nature and elements of the crimes with which he ha[d] been charged." (*Id*. ¶3.)
- His attorney had fully explained to him "those charges and the terms and conditions of the plea agreement." (*Id*.)
- He was guilty of the offense in count three of the Indictment. (*Id*. ¶¶4–5.)
- The facts set forth in the plea agreement established his guilt beyond a reasonable doubt and were true and correct. (*Id*. ¶5.)
- The maximum term of imprisonment was 15 years' imprisonment, a $250,000 fine, and 3 years of supervised release. (*Id*. ¶6.)
- He had "discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney, including any possibility that the defendant may qualify as a career offender under the sentencing guidelines." (*Id*. ¶7.)

In paragraph 34 of the plea agreement, Kelly also waived his right to appeal and his right to challenge his conviction and sentence in any post-conviction proceedings, "including but not limited to a motion pursuant to 28 U.S.C. § 2255." (*Id.* ¶34.)

The Court reviewed the terms of the plea agreement with Kelly at a June 11, 2024 change-of-plea hearing. (*Id.*, ECF No. 32.) Kelly appeared in person and was represented by defense counsel. (*Id*.) As required by Federal Rule of Criminal Procedure 11, the Court conducted a thorough plea colloquy to confirm that Kelly understood the terms of his plea agreement and was knowingly and voluntarily entering a guilty plea to count three. The Court also reviewed with him the terms of the appellate waiver in paragraph 34 of the plea agreement. Based on Kelly's responses to the Court's questions, the Court found: (1) Kelly was competent to offer a plea; (2) there was a factual basis for the plea; (3) Kelly offered the plea knowingly and voluntarily; and (4) Kelly had reviewed the plea agreement with his counsel and was satisfied with the representation he received. (*See id.*) The Court also advised Kelly of his rights, the nature of the charges against him, and the maximum possible penalty. (*Id.*) After confirming that Kelly understood the deal he had cut, the Court accepted his guilty plea but deferred approval of the plea agreement until the presentence report was filed with the Court. (*Id.*) The Court then scheduled Kelly's sentencing hearing for September 12, 2024. (*Id.*)

Prior to the sentencing hearing, the Court received and reviewed Kelly's presentence report, which calculated a recommended guideline sentence of 46–57 months' imprisonment on count three. (*Id.*; ECF No. 37 at 22.) Neither party objected to any portion of the report and the Court adopted the report in its entirety at the sentencing hearing. (*Id.*) The Court also approved the parties' Rule 11(c)(1)(C) plea agreement, and sentenced Kelly to thirty-six months' imprisonment, consistent with the parties' recommendation. (*Id.*, ECF Nos. 41 & 42.) Kelly did not file an appeal.

On January 28, 2025, Kelly filed a motion under 28 U.S.C. § 2255, claiming that his counsel was ineffective. (Case No. 25-cv-0142-bhl, ECF No. 1.) Kelly contends that his counsel failed to challenge the constitutionality of Section 922(g)(1) pursuant to *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). (*Id.* at 4–6, 11.) Kelly's motion asks that the Court to vacate his sentence and "hold the government to its *Bruen* burden." (*Id.* at 12.)

## LEGAL STANDARD

The Court's first order of business in a Section 2255 proceeding is to review or screen the motion. Under Rule 4 of the Rules Governing Section 2255 Proceedings:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing § 2255 Proceedings. "Habeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 633–34 (1993)). A petitioner seeking relief under Section 2255 must allege either that the sentence violated the Constitution or laws of the United States, that the court was without jurisdiction, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. § 2255(a). At the screening stage, the Court considers whether the petitioner has raised claims that can be adjudicated in a Section 2255 proceeding, whether the petitioner has exhausted his claims, and whether he filed the motion within the limitations period.

A Section 2255 petition is not, however, a substitute for a direct appeal. *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007) (citing *McCleese v. United States*, 75 F.3d 1174, 1177

(7th Cir. 1996)). As a general matter, claims that a petitioner did not properly raise at trial or on direct appeal are procedurally defaulted and cannot be raised through a Section 2255 petition. *See Torzala v. United States*, 545 F.3d 517, 522 (7th Cir. 2008). There are several exceptions to this rule, however. Ineffective assistance of counsel claims, for example, "may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003). This is because a Section 2255 motion is a more appropriate venue than direct appeal for raising ineffective assistance of counsel claims, as the "opportunity fully to develop the factual predicate for the claim" arises independent of the trial record. *See id.*

A person seeking relief under Section 2255 must file his petition within one year of the date on which the judgment of conviction became final, the date on which any impediment to making a motion was removed (if the movant was prevented from filing his motion by government action), the date on which the right the petitioner asserts was recognized by the Supreme Court (if it is a newly recognized right made retroactively applicable to cases on collateral review) or the date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence. § 2255(f); *see also Clarke v. United States,* 703 F.3d 1098, 1099–1100 (7th Cir. 2013). The period generally begins to run on the date on which the judgment of conviction becomes final. *See* § 2255(f)(1).

## ANALYSIS

As an initial matter, Kelly's petition is timely. The Court entered judgment on September 18, 2024. (Case No. 23-cr-0236, ECF No. 42.) Kelly did not appeal his conviction to the Court of Appeals for the Seventh Circuit, making his conviction final fourteen days after the judgment was entered. *See* 28 U.S.C. § 2255(f)(1); Fed. R. App. P. 4(b)(1)(A). The petitioner filed his Section 2255 motion on January 28, 2025, within one year after his judgment of conviction became final under Section 2255(f)(1). Kelly's petition fails, however, because he has not identified potentially meritorious claims that can be presented through Section 2255. Because Kelly bases his claims on allegations of ineffective assistance of counsel, his failure to file a direct appeal is not dispositive. *See Massaro* 538 U.S. at 504; *see also United States v. Jones*, 635 F.3d 909, 916 (7th Cir. 2011). Kelly's claims are barred, however, by his having waived his right to seek collateral review in paragraph 34 of his plea agreement. (Case No. 23-cr-0236, ECF No. 30 ¶34.)

The Seventh Circuit has held that a waiver of Section 2255 relief in a plea agreement is enforceable, and that a trial court should treat it no differently than the waiver of a direct appeal. *See Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999); *see also United States v. Perillo*, 897 F.3d 878, 882 (7th Cir. 2018) ("A 'voluntary and knowing waiver of an appeal is valid and must be enforced.'" (quoting *United States v. Sakellarion*, 649 F.3d 634, 638 (7th Cir. 2011))). Kelly's waiver is thus enforceable if the terms are "clear and unambiguous" and the defendant "knowingly and voluntarily" entered into the agreement. *See United States v. Worden*, 646 F.3d 499, 502 (7th Cir. 2011) (citing *United States v. Blinn*, 490 F.3d 586, 588 (7th Cir. 2007)).

The record confirms that Kelly's waiver is enforceable and bars the claims he seeks to raise in this proceeding. The waiver in his plea agreement clearly provides that he is giving up his right to seek Section 2555 post-conviction relief subject to only four limited exceptions. None of those exceptions applies here. Kelly's waiver does not prevent him from bringing a claim based on "(1) any punishment in excess of the statutory maximum, (2) the sentencing court's reliance on any constitutionally impermissible factor, such as race, religion, or sex, (3) ineffective assistance of counsel *in connection with the negotiation of the plea agreement or sentencing*, or (4) a claim that the plea agreement was entered involuntarily." (Case No. 23-cr-0236, ECF No. 30 ¶34 (emphasis added)); *see also United States v. Smith*, 759 F.3d 702, 707 (7th Cir. 2014) ("The sole type of ineffectiveness claim we have said that a defendant may not waive is an ineffectiveness claim having to do with the waiver (or the plea agreement as a whole) and its negotiation." (citing *Hurlow v. United States*, 726 F.3d 958, 964–66 (7th Cir. 2013))).

Kelly's ineffective assistance claims do not fall within the limited exception set forth in his waiver. While the third exception would allow him to pursue a claim for ineffective assistance of counsel, that exception only applies to claims that counsel failed to provide appropriate representation in connection with the negotiation of the plea agreement or at sentencing. The Seventh Circuit has discussed the parameters of this exception and confirmed that to avoid waiver, a petitioner "must allege that he entered the plea agreement based on advice of counsel that fell below constitutional standards." *Hurlow*, 726 F.3d at 966–67. "In other words, he must allege that the plea agreement was 'the product of ineffective assistance of counsel' or 'tainted by ineffective assistance of counsel.'" *Id.* at 967 (quoting *United States v. Jemison*, 237 F.3d 911, 916 n.8 (7th Cir. 2001); *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995)). Kelly's

motion does not assert adequate grounds to circumvent his Section 2255 waiver and, even to the extent he did, his petition does not assert claims that have even arguable merit.

In ground one, Kelly alleges that the felon in possession statute (18 U.S.C. § 922(g)(1)) is unconstitutional facially and as applied to him after the *Bruen* decision. (Case No. 25-cv-0142, ECF No. 1 at 4, 13–52.) As an initial matter, the Court notes that *Bruen* did not address the constitutionality of Section 922(g). And, although federal defense attorneys have been filing *Bruen*-based motions to dismiss Section 922(g) charges, not a single judge in this district has granted such a motion. *See e.g.*, *United States v. Neal*, No. 23-cr-0141-bhl, 2024 WL 1794424 (E.D. Wis. Apr. 25, 2024); *United States v. Johnson*, 701 F. Supp. 3d 785 (E.D. Wis. 2023). Any motion to dismiss the felon-in-possession charge based on *Bruen* would have been denied and therefore, Kelly's attorney was not deficient in failing to file such a motion to dismiss based on Section 922(g). Not only did Kelly waive any such challenge, ground one is also without merit.

As for Kelly's argument in ground two, that he received the ineffective assistance of counsel because his counsel failed to instruct him that he could challenge the felon-in-possession statute, as previously noted, any motion to dismiss based on the felon-in-possession charge would have been dismissed. Not only was counsel not ineffective for not bringing such a motion to dismiss, the record confirms that counsel provided Kelly with excellent representation. He was looking at a potential statutory maximum sentence of 15 years' imprisonment on count three and the guidelines recommended that he be sentenced to a term of 46–57 months' imprisonment. (Case No. 23-cr-0236, ECF No. 30 ¶6; ECF No. 37 at 22.) Against this backdrop, Kelly's counsel negotiated a Rule 11(c)(1)(C) plea agreement in which the government agreed to a binding recommendation of 36 months' incarceration, which the Court accepted. Kelly's sentence of 36 months' incarceration was below the guidelines recommendation.

In this case, the Court conducted a detailed colloquy and then concluded that Kelly knowingly and voluntarily entered into the plea agreement. The Court also confirmed with him that he was satisfied with the performance of his counsel. The Court specifically found that Kelly fully understood the rights that he was waiving and the terms of the plea agreement. He fails to raise any legitimate argument to sidestep his express waiver of his right to file a Section 2255 motion or criticisms of his counsel's performance. The Court will therefore deny his Section 2255 motion and dismiss this action.

Accordingly,

**IT IS HEREBY ORDERED** that the Kelly's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, ECF No. 1, is **DENIED** and this action is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that a certificate of appealability **SHALL NOT ISSUE**. The Court does not find that reasonable jurists could debate that the petitioner has made a substantial showing of the denial of a constitutional right and that the motion should have been resolved in a different manner. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on March 14, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge